CHARLES A. BAGLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bagley v. Commissioner
Docket No. 2018-84.
United States Tax Court
T.C. Memo 1986-6; 1986 Tax Ct. Memo LEXIS 601; 51 T.C.M. (CCH) 239; T.C.M. (RIA) 86006; January 7, 1986. Charles A. Bagley, pro se. Dennis Perez, for the respondent. AARONS
MEMORANDUM OPINION AARONS, Special Trial Judge: This case was assigned to Special Trial Judge Aarons pursuant to section 7456(d)(3) and Rules 180, 181 and 182 [1]. The case was calendared for trial at the October 28, 1985 trial calender in Los Angeles. Petitioner failed to appear. *602 Respondent determined deficiencies in petitioner's Federal income taxes together with additions as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec 6654(a)
1974
$982.00
$491.00
$31.42
1975
1,481.00
740.50
63.96
1976
958.00
479.00
35.68
Petitioner filed a timely petition herein at which time he resided in Burbank, California. The petition contained no facts suggesting that the income items determined in the Notice of Deficiency were not actually realized in the years at issue. The petition asserts that petititoner was not a "taxpayer" having "neither paid or overpaid any Internal Revenue Tax voluntarily" and requests a speedy determination on that ground of this Court's jurisdiction. The petition further sets forth petitioner's awareness of the Court's authority to award damages up to $5,000 for frivolous petitions and requests that if it is the Court's intention to declare the petition frivolous, the Court should promptly reject the petition and return the filing fee. The petition then proceeds to recite the familiar protester-type allegations closely similar in wording to the hundreds of other petitions filed by persons *603 in the Southern California area. The petition alleges that the Notice of Deficiency may be "Crimen Falsi"; that the Secretary of the Treasury, and his agents, have no authority to assess the tax; that there was no Code requirement for the filing of returns by petitioner; that section 6211, defining "deficiency", does not apply; that petitioner did not volunteer to assess himself; and that petitioner received nothing of tangible value during the years at issue and enjoys no privilege or franchise. Petitioner filed a motion for a jury trial, which the Court denied. Petitioner later filed several documents in which he attempted to withdraw his petition. The Court treated these as motions to dismiss, and denied the motions. With leave of the Court, respondent filed an Amendment to Answer alleging that petitioner fraudulently failed to file returns for the years at issue; that he fraudulently failed to report the taxable income and tax set forth in the Notice of Deficiency; that his failure to file returns for those years is part of a three-year pattern of intent to avoid taxes; that he filed with his employer, with fraudulent intent, improper W-4E forms in each of the years certifying *604 that he anticipated no tax liability in those years and caused his employer not to withhold Federal income tax; that he fraudulently certified to his employer in 1974 that he had no income tax liability for 1973 when in fact he had incurred a joint income tax liability of $891 for 1973; and that he failed to produce records required by respondent, and that such failure was fraudulent and with intent to evade taxes. Petitioner filed no reply to respondent's affirmative allegations in the Amendment to Answer. Respondent timely moved, under Rule 37(c), to have those allegations deemed admitted. The Court set the Calendar Call date as the time for petitioner to respond to that motion. In default of any appearance by petitioner on that date, the Court granted respondent's motion under Rule 37(c). With respect to petitioner's requests which pertain to our jurisdiction and our pre-determination as to the frivolousness of the petition, the Court has already rejected this procedural "sleight of hand" device. See ; see also and cases cited therein to the effect that there *605 is no provision for special appearance in the United States Tax Court, and that a petition, once filed, cannot be withdrawn without prejudice. Petitioner's allegations in his petition are similar to those filed in hundreds of similar cases in Southern California. See, e.g., ; and cases cited therein. Petitioner's allegations are utterly dilatory, frivolous and groundless. . In addition, by failing to respond to the calendar call, petitioner has subjected his case to dismissal under Rule 123 (failure to prosecute) and Rule 149 (failure to adduce evidence). Based upon this record we sustain respondent's determination of deficiencies and additions under section 6654(a). With respect to the addition to tax for fraud, under section 6653(b), the burden of proof is on respondent (Rule 142(b)), and he must carry that burden by clear and convincing evidence. . The allegations in respondent's Amendment to Answer, which are deemed to be admitted *606 under Rule 37(c), may satisfy respondent's burden of proof. . Here the deemed-admitted allegations clearly carry respondent's burden of proof. Petitioner filed false W-4E forms with his employer for each of the years at issue; he filed no returns for those years although he had filed at least for the year preceeding the first year at issue; he had taxable income in each year at issue and despite his knowledge of reporting procedures, he paid no tax for such years. These acts and omissions were fraudulent and with intent to evade tax. Petitioner was given ample opportunity to reply to the affirmative allegations of the Amendment to Answer. He chose not to do so.He could have been heard had he so wished. He chose to remain silent. Upon consideration of the entire record (see , affd. without published opinion , we find that respondent has established fraud for each year in issue, and that petitioner is liable for the additioins to tax for fraud under section 6653(b) in the amounts determined by respondent. As to *607 damages pursuant to section 6673, petitioner in his petition raises only worn-out, meritless arguments. He, of course, has every right to contest respondent's determination of fraud. But, petitioner's course of conduct convinces us that he did not come before this Court in order to challenge the fraud determination. His failure to prosecute his case coupled with the clearly frivolous petition convinces us that petitioner's primary purpose was not to utilize this Court as a forum to litigate a genuine tax controversy, but only to express his dissatisfaction with the Federal income tax system and to delay the payment of his Federal tax obligations. Consequently, upon a review of this record, we conclude that this proceeding was instituted and maintained primarily for delay and that petitioner's position in this proceeding as to the underlying deficiencies was frivolous and groundless. We accordingly award damages to the United States in the amount of $3,000. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩